```
       IN THE UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF ARKANSAS
                HARRISON DIVISION
```

**ANNA M. MILLER**                                               **PLAINTIFF**

v.                        Civil No. 09-3079

**MICHAEL J. ASTRUE**, Commissioner,
Social Security Administration                                   **DEFENDANT**

### O R D E R

Now on this 28th day of February, 2011, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 8). The Court, being well and sufficiently advised, orders as follows:

1. Plaintiff is a 63 year old woman who brought this action pursuant to 42 U.S.C. §405(g) seeking judicial review of a decision by the ALJ denying her claims for a period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the ALJ'S decision. *See* 42 U.S.C. §405(g).

2. Under the Act, a claimant must "establish her being disabled prior to the expiration of her insurance to be entitled to disability insurance benefits." *See Tiley v. Astrue*, 580 F.3d 675, 676 (8th Cir. 2009) (*citing Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009)); *see also* 42 U.S.C. §§ 416(i), 423.

3. The plaintiff maintained her insured status through June 30, 1995. Plaintiff claims that she was diagnosed with

fibromyalgia, panic and other anxiety disorders, and experienced osteoarthritis pain, gastrointestinal pain, and that such conditions caused her to be disabled as of November 1, 1993. Thus, the relevant time period is from her alleged disability onset date, November 1, 1993, until the date her insured expired, June 30, 1995.

4.  On July 30, 2007, the ALJ rendered its opinion in which the ALJ found that the plaintiff was not disabled under the provisions of the Act through June 30, 1995, the date last insured, and therefore she was not entitled to a period of disability and disability benefits. Plaintiff requested a review of the ALJ's decision by the Appeals Council, which denied that request.

5.  The plaintiff subsequently filed this action, seeking a judicial review of the ALJ's decision.

6.  This matter was referred to the Magistrate Judge for a report and recommendation. The Magistrate Judge engaged in a thorough review of the medical records in this case and determined that:

   *   the ALJ properly evaluated the plaintiff's subjective complaints about her medical condition and determined that the medical evidence did not support plaintiff's contentions that she was disabled prior to the expiration of her insured status and that such complaints were not totally credible;

* the ALJ properly considered the testimony of the plaintiff's husband regarding her medical condition and found it unpersuasive, which was within the ALJ's province;

* that substantial evidence exists in the record to support the ALJ's determination that, prior to June 30, 1995, plaintiff did not have any disabling conditions;

* that substantial evidence exists in the record regarding the ALJ's determination of the plaintiff's residual functioning capacity ("RFC"); and

* that the vocational expert's testimony constituted substantial evidence supporting the ALJ's conclusion that the plaintiff's condition prior to June 30, 1995, did not preclude her from performing certain types of work.

7. Based on the above findings, the Magistrate Judge recommended that the Court affirm the ALJ's decision and dismiss plaintiff's case with prejudice.

8. Plaintiff has objected to the Magistrate Judge's Report and Recommendation on the grounds that the ALJ violated the treating physician rule in determining the plaintiff's RFC capacity and, therefore, the Magistrate Judge's finding that the ALJ's determination of the plaintiff's RFC was supported by substantial evidence was in error.

9. "Social Security regulations provide that where a claimant's impairments do not meet or equal a listed impairment, the Commissioner will then consider the claimant's RFC." *Vossen v.*

*Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010) (*citing* 20 C.F.R. § 404.1520(A)(4)(iv)). "A claimant's RFC is what the claimant can do despite his or her limitations." *Id.* (*citing* 20 C.F.R. § 404.1545(a).

10.  "The opinion of a treating physician is accorded special deference under the social security regulations." *Vossen,* 612 F.3d at 1017. "Such an opinion is normally entitled to great weight." *Id.* (internal quotation marks and citation omitted).

It is well established, however, that "an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." *Wagner v. Astrue*, 499 F.3d 842, (8th Cir. 2007) (*citing Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000)). Further, an ALJ may credit other medical opinions over that of a treating physician "when other assessments are supported by better or more thorough medical evidence." *Id.* (*citing Prosch* at 1014).

11.  In determining the plaintiff's RFC, the ALJ considered the plaintiff's subjective testimony as well as the testimony of her husband, and he also considered the opinions of the state agency medical consultants who provided assessments of the plaintiff's RFC

The ALJ noted that plaintiff's treating physician, Dr. Spurgeon, completed a RFC questionnaire and found that the plaintiff had certain limitations in the ability to lift, twist, stoop, bend, and crouch, as well as limitations in the amount of

time she could sit and stand.  Dr. Spurgeon's RFC contains more severe limitations than does the RFCs completed by the state agency medical consultants.

The ALJ requested that Dr. Spurgeon respond to a series of additional questions regarding the plaintiff's condition and, in response to those questions, Dr. Spurgeon stated that he had "no independent recollection" of the plaintiff, and that he "did not question her about her limitations."  Indeed, in his RFC, Dr. Spurgeon noted that the information he used to provide the RFC was from his "office notes supplied to me from 12/23/93 - 5/2/95."

The ALJ found that "[s]ince Dr. Spurgeon had no independent recollection of the claimant, his opinion should be given no more weight than those of the state disability determination agency physicians who examined the entire medical record that was germane and relevant to that period of time."  Further, the ALJ pointed out that Dr. Spurgeon reported in April 1996 that the plaintiff's physical condition had been "quite good" and that she could continue to increase her hours at work.

12.  The Court finds that the ALJ properly granted less weight to Dr. Spurgeon's opinion regarding's the plaintiff's RFC because it conflicted with the opinions of the other state medical consultants, who had reviewed the entire relevant medical record.  Further, Dr. Spurgeon's opinion was based only on his office notes and, in rendering his opinion, he stated that he had no independent

recollection of the plaintiff.  Finally, his RFC was inconsistent with his internal office notes and the medical record as a whole.

    13.  The Magistrate Judge's Report and Recommendation provides a thorough discussion of the relevant medical evidence in this case.  The Magistrate Judge determined that there was substantial evidence in the record to support the ALJ's decision, and the Court agrees.

    14.  Having concluded that the plaintiff's objections to the Magistrate's Report and Recommendation are without merit and should be overruled -- and further concluding that the said Report and Recommendation is sound and should be adopted and ordered implemented -- the Court will order that this matter be dismissed.

    **IT IS THEREFORE ORDERED** that the plaintiff's objections to the **Magistrate Judge's Report and Recommendation** should be, and they hereby are, **overruled**;

    **IT IS FURTHER ORDERED** that the **Magistrate Judge's Report and Recommendation** should be, and it hereby is, **adopted *in toto*;**

    **IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, the decision of the ALJ is hereby affirmed and the plaintiff's complaint is hereby dismissed with prejudice.

    **IT IS SO ORDERED.**

                                       **/s/Jimm Larry Hendren**
                                        **HON. JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**